# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHEILA DAVALLOO, | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | No. 3:17-cv-1257 (VAB) |
| | : | |
| SABINA KAPLAN, et al. | : | |
| *Respondents.* | : | |

_____

## ORDER FOR PETITIONER TO FILE SUPPLEMENTAL NOTICE

On February 28, 2017, petitioner, Sheila Davalloo, an inmate currently incarcerated at the Bedford Hills Correctional Institution in Bedford Hills, New York, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Southern District of New York challenging her Connecticut conviction for murder. Pet., ECF No. 1 (Feb. 28, 2017).

Ms. Davalloo raises three claims in support of her petition: (1) the trial court improperly admitted evidence of conversations she had with her husband, which were protected by Connecticut's marital privilege statute; (2) the trial court improperly admitted evidence of uncharged misconduct, including her attempted murder of her husband and statements to her husband about surveilling the victim, and (3) she "did not voluntarily and knowingly waiver her right to counsel." *Id.* at 5-8.

On July 18, 2017, Ms. Davalloo's case was transferred to the District of Connecticut. Order, ECF No. 17 (July 18, 2017).

On November 8, 2017, Respondents submitted a written opposition to the petition. Resp't Mem. in Opp. to Pet., ECF No. 25 (Nov. 8, 2017). In support of their opposition, Respondents filed thirty-six documents, labeled as Appendices A through N, of filings and judgments from the

New York and Connecticut state cases in which Ms. Davalloo was convicted. *See*, Docket Entries, ECF Nos. 25-1 through 25-36 (Nov. 8, 2017).

On January 16, 2018, Petitioner filed an objection to Respondents' opposition. Pet'r Obj. to Resp't Mem. in Opp., ECF No. 27 (Jan. 16, 2018).

In support of her third ground for habeas relief, Ms. Davalloo appears to be arguing that the trial court failed to inquire into her competency to waive counsel. *See* Pet. at 8-9 (describing history of mental illness and failure of mental health evaluators to opine on competency to waive counsel); Pet'r Obj. at 7-8 (arguing failure of state courts to apply Connecticut Supreme Court and United States Supreme Court precedent on competency to waive counsel). Although Ms. Davalloo asserted that she raised this claim in state court, Pet. at 9; the Court's review of her appellate court filings and state court judgments shows otherwise.

On direct appeal, Ms. Davalloo argued that the trial court erred in finding a knowing, intelligent, and voluntary waiver of counsel. Pet'r Appellate Ct. Brief, Resp't App. C, ECF No. 25-3 at 46-50 (Aug. 30, 2013).

Whether an accused possesses the mental competency to waive counsel, however, is a separate inquiry from whether her waiver was knowing, intelligent, and voluntary. As the U.S. Supreme has held:

> The focus of a competency inquiry is the defendant's mental capacity; the question is whether he has the *ability* to understand the proceedings. The purpose of the 'knowing and voluntary' inquiry, by contrast, is to determine whether the defendant actually *does* understand the significance and consequences of a particular decision and whether the decision is uncoerced.

*Godinez v. Moran*, 509 U.S. 389, 401 n.12 (1993) (emphasis in the original) (internal citations omitted); *see Wright v. Bowersox*, 720 F.3d 979, 985 n.5 (8th Cir. 2013) ("A defendant's waiver

of his right to counsel must also be knowing and voluntary, but this is a separate and distinct inquiry from whether he is *competent* to waive his right to counsel." (emphasis in the original)).

Ms. Davalloo did not challenge the trial court's failure to inquire into her competency to waive counsel on direct appeal; she challenged only its finding of a knowing, intelligent, and voluntary waiver.[1] Therefore, to the extent petitioner is now challenging the trial court's failure to inquire into her *competency* to waive counsel, such a claim is unexhausted.

In light of the foregoing, the Court hereby **ORDERS** Petitioner to file a notice with this Court by **February 14, 2020**, indicating whether she wishes to (a) exhaust the competency claim in state court before this Court rules on her federal petition; or (b) waive the competency claim and limit her third ground for habeas relief to whether the trial court erred in finding a knowing, intelligent, and voluntary waiver.

If Ms. Davalloo chooses to exhaust her competency claim in state court, this Court will deny her federal habeas petition without prejudice subject to re-opening after the claim is fully exhausted. *See Fine v. Erfe*, No. 3:17-cv-531 (AWT), 2017 WL 1362682, at *4 (D. Conn. Apr. 11, 2017) ("[D]ismiss[ing a habeas petition] without prejudice to reopening the case after completion of the exhaustion process. . . . provides the same protection as the issuance of a stay pending exhaustion."); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Staying a federal habeas petition frustrates [the Antiterrorism and Effective Death Penalty Act of 1996]'s objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings....

---

[1] Petitioner's brief to the Connecticut Appellate Court explains the psychiatric evaluation ordered by the trial court, lists her mental illnesses, and states that the competency team "did not opine on her competency to waive counsel and represent herself." Pet'r Appellate Ct. Brief, Resp't App. C, ECF No. 25-3 at 46 (Aug. 30, 2013). Ms. Davalloo, however, did not argue that the trial court erred by failing to inquire into her competency to waive counsel. Her claim was limited to whether she knowingly and voluntarily waived her right to counsel. *See id.* at 48-50. In addition, her petition for certification to appeal the Appellate Court's decision on this ground was limited to the validity of the waiver itself and lacked any reference to her competency to waive counsel. *See* Pet. for Certification for Review by the Supreme Court, Resp't App. F, ECF No. 25-7 at 11 (Oct. 17, 2014).

Even where stay and abeyance is appropriate, . . . district courts should place reasonable time limits on a petitioner's trip to state court and back.").

If Ms. Davalloo chooses to waive her competency claim, the Court will dismiss that claim with prejudice and limit its ruling on the third ground for relief to whether the trial court erred in finding a knowing, intelligent, and voluntary waiver.

**Failure of Petitioner to file the required notice by February 14, 2020, will be deemed as a waiver of her competency claim.**

**SO ORDERED** this 2nd day of January 2020 at Bridgeport, Connecticut.

_____/s/ Victor Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE